Ricky Scott Fields v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-361-CR

RICKY SCOTT FIELDS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Ricky Scott Fields of the possession of less than two ounces of marijuana and assessed his punishment at 180 days’ confinement in the Tarrant County Jail and a $300 fine, suspending the confinement and placing him on community supervision for twenty-four months.  The trial court sentenced Appellant accordingly.

In one point, Appellant contends that the evidence is factually insufficient to support the verdict.  Officer Paul Shackelford testified that he ran a random, routine license plate check on an older model blue Mazda 626.  He received a warrant hit on that registration.  The name associated with the warrant was that of Appellant.  Officer Shackelford stopped the vehicle.  Appellant was the driver.  There were no passengers.  Appellant did not have identification, so he told the officer his name and birthdate.  Officer Shackelford ran the information through the computer and received information about outstanding warrants.  He then confirmed through his dispatcher that the warrants were good.  After receiving confirmation, he waited on a backup officer to arrive.

After the other officer arrived, Officer Shackelford had Appellant step out of the vehicle and arrested him.  Appellant had been in the car about fifteen to twenty minutes since the time of the stop.  Officer Shackelford then searched Appellant’s person, finding nothing.  When the officer searched the car, however, he discovered a small sealed, plastic, purple baggie containing a green, leafy substance that looked and smelled like marijuana.  The baggie was between the front seats on the passenger side of the console.  In response to Appellant’s question about whether the drugs were in plain view, Officer Shackelford replied, “Yes, depending upon where . . . a person was,” but he also said that the drugs were not visible from the driver’s side of the vehicle.  The officer did not find any other drugs or drug paraphernalia in the car.  There was no evidence that anyone else had ever driven or ridden in Appellant’s car.

Based on the appropriate standard of review,
(footnote: 2) we hold that the evidence is factually sufficient to support Appellant’s conviction.  We therefore overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 25, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Zuniga v. State
, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004)
; 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003);
 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).